929 F.2d 701
 136 L.R.R.M. (BNA) 2976
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
COLEMAN, AKERS AND AKERS CONSTRUCTION COMPANY, Respondent.
 No. 91-5171.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1991.
 
 1
 NLRB, No. 9-CA-26799.
 
 NLRB
 
 2
 ORDER ENFORCED.
 
 
 3
 Before KENNEDY and RYAN, Circuit Judges, and FEIKENS, Senior District Judge*.
 
 
 4
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 5
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Coleman, Akers and Akers Construction Company, Lexington, Kentucky, its officers, agents, successors, and assigns, enforcing its order dated March 22, 1990, in Case No. 9-CA-26799, and the Court having considered the same, it is hereby
 
 
 6
 ORDERED AND ADJUDGED by the Court that the Respondent, Coleman, Akers and Akers Construction Company, Lexington, Kentucky, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 7
 (a) Coercively interrogating employees regarding their activities and sympathies on behalf of the Union.
 
 
 8
 (b) Threatening employees that they will be discharged and that they should seek employment elsewhere because of their support for the Union.
 
 
 9
 (c) Soliciting employees to withdraw authorization cards that they have signed on behalf of the Union.
 
 
 10
 (d) Discharging or constructively discharging employees because they join, support, or assist the Union and engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection.
 
 
 11
 (e) In any like or related manner interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 12
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 13
 (a) Offer Terry Coleman and Floyd Reynolds immediate and full reinstatement to their former positions or, if these jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed.
 
 
 14
 (b) Make whole Terry Coleman, Terry Ratliff, and Floyd Reynolds for any loss of earnings and other benefits suffered as a result of the discrimination against them, in the manner set forth in the remedy section of the Board's Decision.
 
 
 15
 (c) Remove from its files any reference to the discharges of Terry Coleman, Terry Ratliff, and Floyd Reynolds and notify them in writing that this has been done and that evidence of their unlawful discharges will not be used as a basis for future personnel action against them.
 
 
 16
 (d) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 17
 (e) Post at its jobsite in Berea, Kentucky, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 9, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 18
 (f) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 19
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 20
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 21
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 22
 WE WILL NOT coercively interrogate employees regarding their activities and sympathies on behalf of the Union.
 
 
 23
 WE WILL NOT threaten employees that they will be discharged and that they should seek employment elsewhere because of their support for the Union.
 
 
 24
 WE WILL NOT solicit employees to withdraw authorization cards that they have signed on behalf of the Union.
 
 
 25
 WE WILL NOT discharge or constructively discharge employees because they join, support, or assist the Union and engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection.
 
 
 26
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 27
 WE WILL offer Terry Coleman and Floyd Reynolds immediate and full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed and WE WILL make whole Terry Coleman, Terry Ratliff, and Floyd Reynolds for any loss of earnings or benefits they may have suffered as a result of the discrimination against them, with interest.
 
 
 28
 WE WILL remove from our files any reference to the discharges of Terry Coleman, Terry Ratliff, and Floyd Reynolds and notify them in writing that this has been done and that evidence of the discharges will not be used as a basis for future personnel action against them.
 
 COLEMAN, AKERS AND AKERS CONSTRUCTION COMPANY
 
 29
 (Employer)
 
 Dated ____________ By ____________________
 
 30
 (Representative)
 
 
 31
 (Title)
 
 
 32
 This is an official notice and must not be defaced by anyone.
 
 
 33
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 550 Main Street, Room 3003, Cincinnati, Ohio 45202-3271, Telephone 513-684-3663.
 
 
 
 *
 The Honorable John Feikens, Senior District Judge for the Eastern District of Michigan, sitting by designation